FILED IN CLERK'S OFFICE
U.S.D.C. – Rome

MAR 17 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| Remedios Jhoi Miller, )<br><br>*Plaintiff, Pro Se* )<br><br>v. )<br><br>Synovus Bank, )<br><br>*Defendant.* ) | **CIVIL ACTION FILE NO.:**<br><br>**4:26-CV- 067**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR RETALIATION

## UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

## I.

## CLAIMS

1.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., prohibits employment discrimination on the basis of race, color, religion, sex, or national origin, and retaliation for exercising rights protected under this statute.

2. Plaintiff Remedios Jhoi Miller ("Ms. Miller" or "Plaintiff") hereby files this Complaint against Defendant Synovus Bank ("Defendant" or "Synovus Bank") for damages and other relief for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

3. Plaintiff engaged in protected activity by submitting formal complaints alleging race and national origin discrimination and unequal enforcement of policy at the Calhoun, Georgia branch involving management personnel Shannon Bunch and Laura Braddy, including complaints to Human Resources and the Synovus Employee Ethics Hotline, and by filing a Charge of Discrimination and Retaliation with the EEOC.

4. After Defendant gained knowledge of Ms. Miller's protected activity, Defendant subjected Plaintiff to escalating discipline, denial of leave, and ultimately termination. Defendant further disclosed Plaintiff's EEOC filing and engaged in retaliatory conduct toward a cooperating witness.

5. Defendant's conduct would dissuade a reasonable employee from engaging in protected activity.

## II.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) because this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

7. Plaintiff Remedios Jhoi Miller resides in Gordon County, Georgia.

8. Defendant Synovus Bank is a corporation headquartered in Columbus, Georgia and operates numerous banking branches throughout the southeastern United States. Defendant employs

thousands of employees nationwide and is an "employer" within the meaning of Title VII. Plaintiff was employed by Defendant as a Relationship Banker at the Synovus Bank branch located at 135 W.C. Bryant Parkway, Calhoun, Georgia, from September 12, 2023 until her termination on June 10, 2025.

## III.

## ADMINISTRATIVE PROCEDURES

9. Plaintiff filed EEOC Charge No. 410-2025-10506 with the U.S. Equal Employment Opportunity Commission.

10. The EEOC issued a Notice of Right to Sue dated January 21, 2026.

11. Plaintiff has satisfied all administrative prerequisites to filing this action under Title VII, including the timely filing of a charge with the EEOC and receipt of a Notice of Right to Sue.

12. This action is timely filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## IV.

## PARTIES

13. Plaintiff Remedios Jhoi Miller resides in Gordon County, Georgia at 2288 Covington Bridge Rd SE, Fairmount, GA 30139.

14. Defendant Synovus Bank is a corporation headquartered in Columbus, Georgia and operates numerous banking branches throughout the southeastern United States. Defendant employs

thousands of employees nationwide and is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964. Plaintiff was employed by Defendant as a Relationship Banker beginning on September 12, 2023 at Defendant's Roswell, Georgia location. In July 2024, Plaintiff transferred to Defendant's branch located in Calhoun, Georgia, where the events giving rise to Plaintiff's complaints and subsequent termination occurred.

## V.

## FACTUAL ALLEGATIONS

15. Plaintiff performed satisfactorily and received positive evaluations and merit increases.

16. Between February and May 2025, Plaintiff submitted multiple formal complaints to management and Human Resources reporting race-based discrimination and unequal enforcement of workplace policies at the Calhoun, Georgia branch.

17. On May 22, 2025, Plaintiff submitted an additional complaint through the Synovus Ethics Hotline.

18. On May 23, 2025, Defendant's Human Resources department acknowledged receipt of Plaintiff's Ethics Hotline complaint and advised Plaintiff that the matter had been investigated and deemed "unsubstantiated," thereby confirming Defendant's knowledge of Plaintiff's protected activity.

19. Defendant, through its management personnel and Human Resources department, had actual knowledge of Plaintiff's protected complaints and Ethics Hotline report.

20. Shortly after Defendant gained knowledge of Plaintiff's protected activity, Plaintiff was subjected to heightened scrutiny, clustered disciplinary actions, and stricter enforcement of workplace policies.

21. Leave, including bereavement leave, was denied under heightened standards.

22. Similarly situated Relationship Bankers supervised by the same decision-makers engaged in comparable conduct but were not subjected to disciplinary action.

23. Plaintiff was disciplined under heightened enforcement standards not applied to those employees.

24. On June 10, 2025, Defendant terminated Plaintiff's employment.

25. The reasons asserted by Defendant for Plaintiff's termination were inconsistent with Plaintiff's documented performance record and prior merit-based recognition.

26. In August 2025, managers disclosed Plaintiff's EEOC charge during a staff meeting following Plaintiff's termination.

27. The adverse actions taken against Plaintiff occurred within a close temporal proximity to Plaintiff's protected complaints and reporting activity, supporting a reasonable inference of retaliatory motive.

28. Upon information and belief, Defendant instructed a cooperating witness to delete emails and documents relating to Plaintiff and the EEOC investigation during the pendency of that investigation. Defendant had a duty to preserve electronically stored information relating to Plaintiff's complaints, the EEOC charge, and the internal investigation.

29. Based on information presently available to Plaintiff, management personnel disclosed Remedios Jhoi Miller's EEOC complaint to other employees and referenced the existence of

witnesses during internal meetings, which had a chilling effect on employees who had knowledge of the events underlying Plaintiff's complaint.

30. After the issuance of Plaintiff's Notice of Right to Sue, Defendant terminated an employee who had cooperated in connection with the events underlying Plaintiff's complaint.

Plaintiff alleges that she reported discriminatory and retaliatory conduct to management, Human Resources, and through Defendant's Ethics Hotline. Defendant was aware of Plaintiff's complaints and initiated internal review of the allegations. Shortly thereafter, Plaintiff was subjected to escalating discipline and scrutiny and was ultimately terminated on June 10, 2025. The close temporal proximity between Plaintiff's protected complaints and the adverse employment actions supports a reasonable inference that Defendant's actions were motivated by retaliation.

## VI.

### COUNT I – RETALIATION (Title VII)

Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

31. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered and continues to suffer loss of income, loss of employment benefits, emotional distress, and damage to her professional reputation. Plaintiff is entitled to recover all damages permitted by law, including back pay, front pay, compensatory damages, punitive damages where permitted, and reasonable attorneys' fees and costs.

32. Defendant subjected Plaintiff to materially adverse employment actions, including heightened discipline, denial of leave, and termination.

33. The adverse actions occurred shortly after Defendant gained knowledge of Plaintiff's protected activity, permitting a reasonable inference that Defendant's actions were motivated by retaliatory intent.

## VII.

## COUNT II – POST-CHARGE RETALIATION (Title VII)

34. Defendant retaliated against Plaintiff after the filing of an EEOC charge.

35. Defendant's actions would dissuade a reasonable employee from engaging in protected activity.

## VIII.

## COUNT III – RETALIATION AGAINST A COOPERATING WITNESS

36. Upon information and belief, Defendant retaliated against a cooperating witness because of participation in protected activity related to Plaintiff's EEOC charge.

37. Such conduct violates Title VII's anti-retaliation provisions.

38. Defendant acted with reckless indifference to Plaintiff's federally protected rights.

## IX.

## JURY DEMAND

39. Plaintiff demands a trial by jury on all issues so triable.

## X.

## PRAYER FOR RELIEF

40. Judgment is respectfully requested in Plaintiff's favor and against Defendant under all claims in this Complaint.

41. Award Plaintiff backpay, front pay, and compensation for emotional distress and reputational harm.

42. Award punitive damages pursuant to 42 U.S.C. § 1981a.

43. Award Plaintiff costs of this action and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k).

44. Grant injunctive and equitable relief.

45. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Signed this 17 day of March, 2026.

Remedios Jhoi Miller

Signature of Plaintiff Pro Se

**Remedios Jhoi Miller**
**2288 Covington Bridge Rd SE**
**Fairmount, GA 30139**
**Email: Jhoimiller23@gmail.com**
**Phone: 404-908-2161**